**UNITED STATES of America,**

v.

**Gary RAMSEY, a/k/a Rock, Appellant.**

**No. 02–3855.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 2, 2003.

Decided Oct. 3, 2003.

Nancy B. Winter, Office of United States Attorney, Philadelphia, PA, for Appellee.

David L. McColgin, Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: RENDELL, WEIS and GARTH, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Gary Ramsey appeals from his judgment of sentence, arguing that it violates

*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review Ramsey's appeal under 18 U.S.C. §§ 1291 and 3742(a). We will affirm.

We do not need to provide the facts of this case in great detail because we write solely for the parties. The District Court increased Ramsey's sentence under the guidelines to 75 years (900 months) in prison after a jury found him guilty on nine counts relating to his involvement in two bank robberies.[1] The sentence increase was based on Ramsey's prior criminal convictions and certain facts surrounding the two robberies, none of which were submitted to a jury to be proven beyond a reasonable doubt.[2] Nevertheless, Ramsey's ultimate sentence remained within the statutory range.[3]

■ We review Ramsey's judgment of sentence for plain error because he did not raise this issue his sentencing. *United States v. Vazquez,* 271 F.3d 93, 99 (3d Cir.2001) (en banc), *cert. denied,* 536 U.S. 963, 122 S.Ct. 2672, 153 L.Ed.2d 845 (2002). Ramsey first argues that the District Court erred by increasing his sentence based on prior criminal convictions that were not submitted to the jury and proved beyond a reasonable doubt. We disagree. In *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that a court may increase a sentence, based on a prior conviction, without submitting the fact of the conviction to the jury and requiring the Government to prove the conviction beyond a reasonable doubt. The Supreme Court explicitly refused to overrule this holding in *Apprendi* when it stated, "Apprendi does not contest the ... validity [of the *Almendarez–Torres* decision] and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset." *Apprendi*

---

1. The jury found Ramsey guilty of the following: one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, two counts of armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) & 2, two counts of using, carrying, and brandishing a firearm, and aiding and abetting the same, during a bank robbery in violation of 18 U.S.C. §§ 924(c)(1)(a)(ii) and 2, two counts of using, carrying, and discharging a firearm, and aiding and abetting the same, during and in relation to the armed bank robbery in violation of 18 U.S.C. §§ 924(c)(1)(a)(iii) and 2, one count of using fire, and aiding and abetting the same, to commit a felony in violation of 18 U.S.C. §§ 844(h)(1) and 2, and one count of malicious destruction by fire of a building involved in interstate commerce, in violation of 18 U.S.C. §§ 844(I) and 2.

2. Facts that the District Court relied on in increasing Ramsey's sentence under the guidelines were that a police officer sustained serious bodily injury as a result of the gun battle following the robbery, that Ramsey cre-

ated a substantial risk of death or serious bodily injury to another person by fleeing from a law enforcement officer, and that Ramsey organized the Valley Forge First Union bank robbery and recruited two other people to participate in the robbery.

3. The Government notes that Ramsey's sentence was within the statutory range for all counts except Count Six. In Count Six, the District Court sentenced Ramsey to 30 years (360 months) to be served concurrently with Counts One, Two and Eleven. However, the statutory maximum sentence for Count Six, destruction of a building by fire, is 20 years (240 months), or 40 years (480 months) if a person is injured as a result of the fire. 18 U.S.C. § 844(i). Here, a fireman was injured by the fire started by Ramsey. However, this was not included in the indictment. The Government speculates that Ramsey does not raise this issue on appeal because the sentence for Count Six was imposed concurrently, and therefore, does not affect Ramsey's total sentence.

*v. New Jersey,* 530 U.S. at 489. Therefore, *Almendarez–Torres* still governs claims such as this one in this jurisdiction.[4] Thus, the District Court did not commit plain error by basing Ramsey's sentence increase on his prior convictions.

■ Next, Ramsey argues that the District Court committed plain error by increasing his sentence based on other facts surrounding the crimes that were not submitted to the jury and proved beyond a reasonable doubt. Again, we disagree. In *United States v. Cepero,* 224 F.3d 256, 267–68 & n. 5 (3d Cir.2000), we held that a district court may increase a sentence based on certain facts surrounding the crime, without submitting these facts to the jury and requiring the Government to prove them beyond a reasonable doubt, as long as the ultimate sentence remains within the statutory range. Here, Ramsey's sentence remains within the statutory range for each count. Thus, the District Court did not err by basing his increase in sentence on other facts surrounding the robberies.

Accordingly, we will affirm the District Court's judgment of sentence.

4. Ramsey concedes that our precedent most likely compels us to affirm his judgment of sentence. He explains that his appeal seeks to preserve his right to appeal our decision to an *en banc* panel, or the United States Supreme Court, in order to seek a change in the law.