UNITED STATES of America

v.

Gary RAMSEY, also known
as "Rock", Appellant.

No. 09–2760.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Sept. 24, 2009.

Opinion filed: Oct. 20, 2009.

Nancy B. Winter, Esq., Office of United
States Attorney, Philadelphia, PA, for Appellee.

Gary Ramsey, Bruceton Mills, WV, pro
se.

Before: RENDELL, HARDIMAN and
GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Appellant Gary Ramsey, a federal prisoner proceeding *pro se,* appeals from the
decision of the District Court denying in
part his "Motion for Order Corrections to
Presentence Report." Ramsey was convicted in 2001 of numerous charges stemming from two armed bank robberies he
orchestrated in 2000. His sentence was
enhanced because of his career-offender
status and aggravating factors related to
the robberies. As a result, he received a
sentence of 900 months' imprisonment.
Ramsey filed a direct appeal challenging
his sentence under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000), and we affirmed.
*United States v. Ramsey,* 80 Fed.Appx.
168 (3d Cir.2003).

In 2004, Ramsey filed a motion under 28
U.S.C. § 2255, in which he raised 20 claims
for relief. Among these, he argued that
he should be resentenced because: 1) a
state court vacated a conviction that
served as a predicate to the career offender enhancement applied at sentencing;
and 2) his sentence violated the constitutional rule of criminal procedure established in *United States v. Booker,* 543 U.S.
220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),

and that he should be able to present an argument based on that case on habeas review because he raised a similar claim based on *Apprendi* on direct appeal. The District Court denied relief, and we declined to issue a certificate of appealability. *United States v. Ramsey,* No. 06–1671 (order entered September 6, 2006).

Recently, Ramsey filed a motion in the District Court raising the two resentencing claims from his § 2255 motion and requesting that his pre-sentence investigation report be revised to reflect the change in his criminal history and its effect on his potential range under the Sentencing Guidelines. The District Court granted his request to revise the pre-sentence report, but denied the other claims as previously litigated and/or frivolous. Ramsey filed a timely appeal. The Clerk listed the case for possible summary action, and Ramsey then filed a motion for summary reversal, in which he rehashes his resentencing arguments and attacks the District Court's decisions regarding his § 2255 case and the motion underlying this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In denying Ramsey's resentencing claims, the District Court reasoned that those claims were previously litigated and/or legally frivolous. Though we agree that those claims were already litigated, we note that the District Court actually lacked authority to entertain them at all. An attempt to advance claims that attack the validity of an underlying conviction following the denial of a § 2255 motion should be treated as a second or successive § 2255 motion. *See Gonzalez v.*

*Crosby,* 545 U.S. 524, 530–31, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir.2004). Absent authorization from the Court of Appeals, the District Court lacks the authority to adjudicate a second or successive § 2255 motion. *See Pridgen,* 380 F.3d at 725 (citing § 2244(b)). Here, Ramsey's motion clearly raised claims—already presented in his § 2255 motion—that attacked the validity of his sentence. Thus, the District Court properly declined to entertain what amounted to an unauthorized second § 2255 motion.

We may take summary action when an appeal presents no substantial question. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. For the reasons given, Ramsey's attempt to re-advance his sentencing claims was clearly meritless, as he did not have permission to proceed with a second or successive § 2255 motion.[1]

Accordingly, we will summarily affirm the judgment of the District Court. Ramsey's own motion for summary reversal is denied.

---

**1.** Even if Ramsey satisfied the requirements for filing a second § 2255 motion, which he clearly does not, *see* 28 U.S.C. § 2244(b)(2), his claims likely could not receive consideration because they have already been raised and rejected in § 2255 proceedings. *See* § 2244(b)(1) ("A claim presented in a second

or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *United States v. Bendolph,* 409 F.3d 155, 163 (3d Cir.2005) (holding that motions under § 2255 and § 2254 should be treated "the same absent sound reason to do otherwise").