**UNITED STATES of America,**

v.

**Curtis Marshall DIXON, Appellant.**

No. 05–2592.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 July 14, 2005.

Decided July 29, 2005.

92

Floyd J. Miller, Office of United States Attorney, Philadelphia, PA, for Appellee.

Curtis Marshall Dixon, Lisbon, OH, pro se.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Curtis Dixon appeals from the denial of a motion under Federal Rule of Civil Procedure 60(b) to vacate the District Court's order denying his motion pursuant to 28 U.S.C. § 2241 seeking to quash two search warrants. We will affirm.

In 2000, a federal jury convicted Dixon of drug and firearm offenses. The District Court eventually sentenced him to 135 months. We affirmed the conviction and sentence on May 14, 2002. At some point, Dixon was then transferred to a federal corrections center in Ohio. On December 24, 2003, he brought a habeas petition under 28 U.S.C. § 2241 seeking to quash the search warrants which led to his conviction because the search warrants allegedly lacked probable cause. On January 5, 2004, the District Court denied the petition because Dixon's claims are not cognizable under § 2241, but must be brought under 28 U.S.C. § 2255.

Dixon appealed, which we dismissed for lack of jurisdiction because the appeal was untimely. He returned to the District Court and filed a motion to vacate the District Court's prior order under Rule 60(b). The District Court denied the motion because it concluded that Dixon was attempting to bring a second or successive motion under 28 U.S.C. § 2255. Dixon again filed a notice of appeal from the order denying his Rule 60(b) motion.

We review the denial of a motion under Rule 60(b) for abuse of discretion. *See Pridgen v. Shannon,* 380 F.3d 721, 725 (3d Cir.2004). Initially, the District Court wrongly denied Dixon's Rule 60(b) motion on the basis that it was in fact a second or successive § 2255 motion. Dixon has never brought a prior § 2255 motion, nor did the District Court construe his § 2241 petition as such. Dixon's claims for relief, however, are not cognizable under § 2241 because "§ 2255 must be used to raise a challenge to the conviction or sentence unless that section is 'inadequate or ineffective.'" *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)). We have stated that § 2255 is not inadequate simply because the prisoner is unable to meet the section's strict gate keeping requirements. *Dorsainvil,* 119 F.3d at 251. Dixon fails to argue that he would suffer manifest injustice if his § 2241 petition were precluded.

For the foregoing reasons, the District Court did not abuse its discretion in dismissing Dixon's Rule 60(b) motion. Accordingly, we will affirm. Appellant's motion for appointment of counsel is denied.[1]

1. Dixon was advised that this Court would consider whether to issue a certificate of appealability. To the extent Dixon wishes to proceed under § 2241, a certificate of appealability is not necessary. *See* 28 U.S.C. § 2253(c); *Padilla v. United States,* 416 F.3d 424, 425 (5th Cir.2005).