

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Dixon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4865

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dixon" (2006). 2006 Decisions. Paper 1396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-141                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 05-4865

UNITED STATES OF AMERICA

v.

CURTIS MARSHALL DIXON,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00146)
District Judge: Honorable Marvin Katz

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 24, 2006

Before: SLOVITER, MCKEE AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed March 22, 2006)

_____

OPINION

_____

PER CURIAM

Curtis Dixon appeals from the denial of a motion under Federal Rule of Civil

Procedure 60(b) to vacate the District Court's order denying his previous Rule 60(b)

motion, which in turn sought relief from the court's order denying his petition pursuant to

28 U.S.C. § 224. For reasons that follow, we will affirm.

In 2000, Dixon was convicted of drug and firearm offenses, for which he is serving a term of 135 months' imprisonment. We affirmed the conviction and sentence. In December 2003, Dixon filed a petition under 28 U.S.C. § 2241 seeking to quash the search warrants which led to his conviction on the grounds that were unsupported by probable cause. In January 2004, the District Court denied the petition because Dixon's claims are not cognizable under § 2241; rather, they should be brought under 28 U.S.C. § 2255.

Dixon appealed, but we dismissed the appeal as untimely. He then returned to the District Court and filed a motion to vacate the District Court's prior order under Rule 60(b). The District Court denied the motion and we affirmed, United States v. Dixon, C.A. No. 05-2592, explaining that Dixon's claims should have been brought under section 2255. In re Dorsainvil,119 F.3d 245, 251 (3d Cir. 1997).

Despite our explanation, in August 2005 Dixon filed another 60(b) motion, this time challenging the denial of his previous 60(b) motion. The District Court denied the motion, citing both its order denying Dixon's previous motion and our affirmance. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's decision for abuse of discretion. Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In light of the decision in Dixon's previous appeal, the District Court had little choice but to deny Dixon's motion and, thus, did not abuse its discretion in doing so. Accordingly, we

2

will affirm the judgment of the District Court. To the extent that Dixon's "motion in support of summary action" seeks an order vacating or reversing the District Court's judgment, the motion is denied.[1]

---

[1] Dixon was advised that this Court would consider whether to issue a certificate of appealability. To the extent Dixon is properly regarded as proceeding under § 2241, a certificate of appealability is not necessary. See 28 U.S.C. § 2253(c); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005). To the extent a certificate of appealability is required, we decline to issue one.