

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2004

# Pridgen v. Shannon

Precedential or Non-Precedential: Precedential

Docket No. 02-3842

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Pridgen v. Shannon" (2004). *2004 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3842

_____

JAMES MARIO PRIDGEN,

                    Appellant

          v.

SHANNON; THE DISTRICT
ATTORNEY OF THE COUNTY
OF LANCASTER; THE ATTORNEY
GENERAL OF THE STATE OF
PENNSYLVANIA
_____

On Appeal from the United States
District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Jan
E. DuBois
(D.C.  No. 00-cv-04561)
_____
Argued on December 9, 2003

Before: AMBRO, FUENTES &
CHERTOFF, Circuit Judges

(Opinion Filed:  August 19, 2004 )

Elayne C. Bryn [Argued]

1515 Locust Street
Tenth Floor
Philadelphia, PA 19102

*Attorney for Appellant*

Susan E. Moyer [Argued]
Office of the District Attorney
Lancaster County Courthouse
50 North Duke Street
P.O. Box 83480
Lancaster, PA 17608-3480

*Attorney for Appellees*

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:  Following a
state court jury trial, James Mario Pridgen
("Pridgen") was convicted of the shooting
death of Colin Koulesser and sentenced to
life in prison.   After exhausting direct
appeals and filing an unsuccessful federal
habeas petition, Pridgen filed a Federal
Rule of Civil Procedure 60(b) motion
seeking "Relief From Judgment or Order,"
based on newly discovered evidence. The
new evidence consisted of two affidavits
of witnesses who, according to Pridgen,
were present at the scene of the shooting
and could refute the testimony of the
state's key witness. The principal issue we
must determine is whether a Rule 60(b)
motion by a state prisoner, who previously
filed an unsuccessful habeas petition,
should be regarded as an unauthorized
successive habeas petition.  We conclude

in this case that the District Court correctly dismissed those claims in Pridgen's Rule 60(b) motion which sought to invalidate his underlying state conviction because they constituted the equivalent of a second habeas petition. We also affirm the District Court's denial of the remaining portion of his motion, though on different grounds.[1]

## I. FACTS AND PROCEDURAL BACKGROUND

Pridgen was convicted in July 1993 of first-degree murder in state court in Lancaster County, Pennsylvania. He was sentenced to mandatory life imprisonment. At trial, the government established that Pridgen fired a handgun at Sheila Wright with the intent to kill her, but, instead, he shot and killed Colin Koulesser, who was positioned behind Wright. After an unsuccessful direct appeal, Pridgen filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA), claiming ineffective assistance of counsel, prosecutorial misconduct, and actual innocence. The Court of Common Pleas of Lancaster County denied Pridgen's petition and he appealed.

---

[1] The District Court concluded that it was bound, under the law of the case doctrine, by an earlier panel of this Court's denial of a Certificate of Appealability to Pridgen on a separate claim raised in his 60(b) motion. Because we conclude that Pridgen's second PCRA petition was not "properly filed" under AEDPA, we do not reach the law of the case issue.

While Pridgen's appeal of the denial of his PCRA petition was still pending in the Pennsylvania courts, Pridgen filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania. The District Court, adopting the Report and Recommendation of the Magistrate Judge, dismissed the habeas petition without prejudice on the ground that Pridgen had failed to exhaust his state court remedies. Thereafter, the Superior Court of Pennsylvania affirmed the denial of Pridgen's PCRA petition, and on January 12, 1999, the Pennsylvania Supreme Court denied his appeal. At this point, Pridgen's state remedies had been exhausted and he became eligible to file a petition for federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004).

Section 2244(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 sets forth a one-year statute of limitations period following direct review in the state courts within which a state prisoner may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244. However, section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Rather than filing a petition for habeas relief, Pridgen, in February 1999,

filed a second PCRA petition in state court. The Court of Common Pleas denied the petition because it was filed beyond the one-year period permitted by state law. 42 Pa.C.S.A. § 9545 (1982). The Pennsylvania Superior Court affirmed, and on June 20, 2000, the state Supreme Court declined to hear the appeal.

On July 24, 2000, a year and a half after the Pennsylvania Supreme Court denied his first PCRA petition, Pridgen again filed for habeas relief in federal court. The District Court dismissed the federal petition, reasoning that, because the Pennsylvania courts dismissed Pridgen's second PCRA petition as untimely, the PCRA petition had not been "properly filed" and thus could not act to toll the one-year statute of limitations under AEDPA. The District Court reasoned that because the section 2244 statute of limitations began to run on January 13, 1999 (the day after the Pennsylvania Supreme Court denied his appeal), the one-year period had expired by the time Pridgen filed his habeas petition in July 2000. 28 U.S.C. § 2244(d)(1)(A). Therefore, the District Court dismissed Pridgen's habeas petition in its entirety and declined to issue him a Certificate of Appealability (COA).

Pridgen then petitioned this Court for a COA under 28 U.S.C. § 2253(c)(1)(A). We denied the petition for the same reasons stated by the District Court – Pridgen's habeas petition was not timely filed (Order, October 31, 2001, Appendix A-41). While his petition for a COA was pending in our Court, Pridgen filed, in the District Court, a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1), (2) and (6).[2] Pridgen's motion set forth three separate grounds for relief: he sought relief pursuant to Rule 60(b) on the grounds that newly discovered evidence and evidence that he inadvertently failed to include in his habeas petition demonstrate that (1) the state court erred in denying his second PCRA petition as untimely; (2) the state court lacked jurisdiction to rule that the claims raised in his second petition were

---

[2] Rule 60(b) provides in part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

waived; and (3) his second PCRA petition was a "properly filed application for [s]tate post-conviction relief or other collateral review" under § 2244(d)(2) that tolls the AEDPA statute of limitations applicable to his federal habeas petition. Pridgen also posited that his "properly filed" claim presented "extraordinary circumstances" that warranted relief under the catchall provision of Rule 60(b)(6).

The District Court first considered whether Pridgen's Rule 60(b) motion was in essence a second or successive habeas petition. In its written opinion, the Court pointed out that such an analysis was necessary because "[a] state prisoner seeking to file a second or successive § 2254 habeas petition must as a preliminary step obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[3]

Memorandum Op. at 6. Pridgen had received no such authorization. The Court noted that a majority of the courts of appeals that have ruled on the issue have held that a Rule 60(b) motion, challenging a prior judgment denying habeas relief should, in most cases, be treated as the functional equivalent of a second or successive habeas petition requiring, under AEDPA, authorization from a court of appeals. Id. at 8 (citations omitted). The Court determined that it had to dismiss the first and second arguments in Pridgen's 60(b) motion because, in its view, Pridgen was seeking relief that would be available to him only in a second habeas petition. In other words, those portions of Pridgen's 60(b) motion that should have been raised in a second habeas petition had to be dismissed because they amounted to an unauthorized successive filing under AEDPA.

---

[3] Section 2244(b) of the AEDPA provides in pertinent part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-

> judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b).

4

With regard to the third and final argument in Pridgen's 60(b) motion, that his second PCRA petition was properly filed for purposes of AEDPA, the District Court determined that it was bound, under the law of the case doctrine, by this Court's prior ruling that the second PCRA was not timely filed. Based on that ruling, the District Court denied this claim, but, nevertheless, granted Pridgen a COA on this issue.

For the reasons that follow, we agree with the District Court's classification of certain portions of Pridgen's 60(b) motion as attacks on his underlying conviction and we concur in the Court's ultimate dismissal of those claims. Additionally, we affirm the District Court's denial of Pridgen's "properly filed" argument because, in our view, Pridgen's untimely second PCRA petition failed to toll AEDPA's statute of limitations.

## II. JURISDICTION AND STANDARD OF REVIEW

A district court's denial of a Rule 60(b) motion is typically reviewed for an abuse of discretion. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). However, the preliminary question regarding the legal status of the 60(b) motion is an issue of law that we review de novo. See Planned Parenthood of Cent. N.J. v. Attorney General of State of N.J., 297 F.3d 253, 259 (3d Cir. 2002) ("[T]he legal interpretation of a procedural rule is reviewed de novo." (citation omitted)).

Only one question was certified for appeal by the District Court: whether the law of the case doctrine prevented the District Court from reconsidering its earlier ruling that Pridgen's second PCRA was untimely and, therefore, not properly filed for the purposes of 28 U.S.C. § 2244. However, we must first satisfy ourselves that the District Court properly exercised jurisdiction over Pridgen's Rule 60(b) motion, which requires us to consider whether it should have been treated as a second or successive habeas petition or a proper Rule 60(b) motion.[4] A determination that the Rule 60(b) motion was in essence a successive habeas petition means that under AEDPA the District Court did not have jurisdiction to entertain the motion because this Court had not authorized Pridgen to file a successive habeas petition. 28 U.S.C. § 2244(b).

## III. DISCUSSION

### A. Whether Pridgen's Rule 60(b) motion constitutes a second habeas petition

Several circuit courts have addressed the issue of whether a Rule 60(b) motion made by a habeas corpus petitioner can be considered following the dismissal of a federal habeas petition. The Sixth, Tenth, and Eleventh Circuits have

---

[4]As noted earlier, because we conclude that Pridgen's "properly filed" argument in his 60(b) motion should have been denied on the merits, we will not reach the law of the case issue.

5

adopted the position that a Rule 60(b) motion filed after the dismissal of a federal petition for habeas corpus should per se be treated as a second or successive habeas petition under AEDPA. Thus, such motions can never be entertained by a district court without permission from the appropriate court of appeals. See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998); Felker v. Turpin, 101 F.3d 657 (11th Cir. 1996); McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir. 1996). The Eleventh Circuit reasoned in Felker that allowing courts to consider Rule 60(b) motions in habeas cases would invite prisoners to file second or successive collateral attacks on their convictions, thereby evading the limitations that Congress set forth in AEDPA. 101 F.3d at 661.

The Second Circuit alone has taken the position that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001). The court explained in Rodriguez that a Rule 60(b) motion does not seek the same relief requested in a habeas petition (which is, generally, to have the underlying conviction invalidated). Rather, such a motion "seeks only to vacate the federal court judgment dismissing the habeas petition." Id. In other words, a Rule 60(b) motion is "merely a step along the way" to habeas relief. Id. at 199. Consequently, the Second Circuit determined that the

customary scope of Rule 60(b) does not offend AEDPA. Id.

A plurality view emerges between these two ends of the spectrum. The First, Fourth, Seventh, Eighth and Ninth Circuits maintain that a Rule 60(b) motion may be considered, but not if it conflicts with the provisions of AEDPA or if its purpose is to attack the underlying conviction. The Ninth Circuit held in Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) that "[i]n most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) . . . the Rule 60(b) motion should be treated as a successive habeas petition . . . . We do not foreclose the possibility, however, that under a different factual situation a 60(b) motion filed after the denial of an initial petition for habeas corpus would not have to comply with the AEDPA's successive petition requirements."). In Dunlap v. Litscher, the Seventh Circuit stated that AEDPA's provisions "are clear and bar a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught." 301 F.3d 873, 875 (7th Cir. 2002). The court clarified, however, that "[i]t is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner." Id. The Seventh Circuit envisioned circumstances in which a prisoner's motion to vacate a judgment under Rule 60(b) would not offend

6

AEDPA (for example, if it were discovered that the state had fraudulently procured the dismissal of the habeas petition). Id. at 875-76.

Under the pre-AEDPA habeas statute, the Eighth Circuit took a position similar to that of the Seventh. See Guinan v. Delo, 5 F.3d 313, 316 (8th Cir. 1993) ("We do not rule out the possibility that a habeas case may present circumstances in which a Rule 60(b) motion might properly be examined as such rather than as a subsequent habeas petition. This, however, is not such a case"). In Guinan, the court stated that, had the Rule 60(b) motion been timely filed, the district court should have treated it as a second habeas petition "because it [sought] to raise claims that either could have been raised in Guinan's original habeas petition or were raised therein and adjudicated." Id. at 317.

In Hunt v. Nuth, 57 F.3d 1327, 1338 (4th Cir. 1995), another pre-AEDPA case, the Fourth Circuit affirmed the denial of a Rule 60(b) motion by a prisoner who attempted to correct his habeas counsel's failure to include several claims in his initial habeas petition. The district court had applied the "cause and prejudice" standard for determining ineffective assistance of counsel under habeas law, rejecting petitioner's plea to apply the standard set forth under Rule 60(b). The court of appeals affirmed, holding that a district court "may properly treat a Rule 60(b) motion as a successive habeas petition and require that the defendant show cause and prejudice for the failure to raise claims in an earlier petition." Id. at 1339. Because petitioner's counsel had omitted claims that would have been cognizable on federal habeas review, the Rule 60(b) motion was deemed to constitute a successive habeas petition. Id.

We find the reasoning of the First, Fourth, Seventh, Eighth, and Ninth Circuits convincing. We are particularly persuaded by the First Circuit's explanation in Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003), that "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." We concur, and hold that, in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners. 142 Cong. Rec. S3446-02 (daily ed. Apr. 17, 1996) (Statements of Senator Hatch); Felker v. Turpin, 518 U.S. 651, 664 (1996). Prior to AEDPA, it was generally understood that there were no limitations on a prisoner's filing successive habeas petitions. Indeed, as far back as 1924, the Supreme Court had noted in Salinger v.

Loisel, 265 U.S. 224, 230 (1924), that the doctrine of res judicata did not apply to a petition for habeas corpus. Thus, res judicata did not prevent a prisoner from filing an endless stream of habeas petitions. AEDPA changed the landscape in 1996 by severely limiting the number of successive habeas petitions a prisoner is entitled to file, as well as the time period in which to seek relief. Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001).

Against this background, we turn to the District Court's disposition of Pridgen's Rule 60(b) motion. Pridgen raised three principal issues in the motion: first, that the state court erred in its determination that his second PCRA petition was untimely; second, that the state court lacked jurisdiction to rule that the claims raised in his second PCRA petition had been waived; and third, that notwithstanding the state court's timeliness ruling, his second PCRA petition was a properly filed application for state post-conviction relief or other collateral review under AEDPA, and it therefore tolled the applicable section 2244 limitations period. With respect to his first two arguments, we agree with the District Court that Pridgen simply sought to relitigate issues that the District Court had already considered and rejected when ruling on Pridgen's habeas petition. If Pridgen were to succeed on these claims, the result would be the reversal of the state court judgment rejecting his second PCRA petition. The proper forum to raise these claims is in a habeas proceeding.

Regarding Pridgen's contention that his second PCRA was "properly filed" for the purposes of tolling the AEDPA statute of limitations, we believe that the District Court properly regarded this argument as an attack on the habeas proceeding, rather than on Pridgen's underlying state conviction. This is because Pridgen does not argue that he is entitled to a new trial. Rather, he contends that the District Court misinterpreted Pennsylvania law and AEDPA. Unlike the other claims in his 60(b) motion, this ground, if proven, would necessarily result in the reopening of Pridgen's federal habeas proceeding. This portion of Pridgen's motion would not necessarily affect the state court judgments in Pridgen's case. Thus, as to the "properly filed" issue, we conclude that the District Court properly exercised jurisdiction without Pridgen having first obtained Court of Appeals approval under section 2244(b) of AEDPA.[5]

**B. Whether the District Court properly denied Pridgen's "properly filed" claim**

As we previously stated, Pridgen claims that regardless of the state court's ruling his second PCRA petition untimely,

---

[5]    Although the District Court's disposition of the other arguments in Pridgen's Rule 60(b) motion has not been raised on appeal, we note that because those arguments directed their attacks at actions of the state court, they would not be cognizable under a Rule 60(b) motion pursuant to the rule we set forth today.

the petition was a "properly filed" application for state post-conviction relief under AEDPA. The District Court did not address the merits of this claim, but instead denied it because a prior panel of this Court had earlier denied Pridgen a Certificate of Appealability (COA). The District Court reasoned that it was bound, under the law of the case doctrine, by the panel's denial of a COA to Pridgen on the grounds that his habeas corpus petition was untimely. The District Court certified this issue for appeal. We agree with the District Court's decision to deny relief but for reasons other than those expressed by the Court. We conclude that because the state court ruled that Pridgen's second PCRA petition was not timely filed, it did not toll the one-year AEDPA statute of limitations. We therefore do not reach the law of the case issue in concluding that the District Court was correct in dismissing the petition.

The standards for deciding a Rule 60(b)(6) motion are well settled and familiar. "[L]egal error does not by itself warrant the application of Rule 60(b). .... Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Martinez-McBean v. Government of Virgin Islands, 562 F.2d, 908, 912 (3d Cir.1977). In Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir.1986), the court held that only "extraordinary, and special circumstances" justify relief under Rule 60(b)(6). No extraordinary circumstances are presented here that would warrant the District Court

revisiting its prior decision that the habeas petition was untimely filed. Moreover, our decision in Merritt v. Blaine. 326 F.3d 157 (3d Cir. 2003), reinforces the District Court's decision. In Merritt, we addressed the same argument that Pridgen makes here: namely, whether an untimely application for state post-conviction relief by a petitioner was "properly filed" for purposes of the federal statute's tolling provisions.

In Merritt, the petitioner appealed, on timeliness grounds, from the dismissal of his habeas corpus petition challenging a Pennsylvania conviction. 326 F.3d at 158-59. After an unsuccessful direct appeal, Merritt filed a PCRA petition, which was ultimately denied by the Pennsylvania Supreme Court on January 17, 1995. Id. at 159. On December 20, 1996, Merritt filed a second PCRA petition in state court, seeking to introduce new ballistics evidence. The Pennsylvania court denied the second PCRA petition both on the merits and because it was untimely. Id. at 160. Merritt, like Pridgen, had failed to file his second PCRA petition in accordance with the timeliness requirements of 41 Pa. Cons. Stat. Ann. § 9545(b)(1).

On May 5, 2000, Merritt filed a petition for a writ of habeas corpus in federal district court. On appeal from the district court's denial of the habeas petition, we concluded that when a Pennsylvania court holds that a petition for collateral relief is untimely, it is not "properly filed" under AEDPA. 326 F.3d at 166 (citing Fahy v. Horn, 240 F.3d 239

9

(3d Cir. 2001)). Furthermore, we rejected Merritt's argument, which is identical to the argument Pridgen makes here, that even if his PCRA petition had been dismissed as untimely, it was still "properly filed" if the applicant asserted a statutory exception to the Pennsylvania statute of limitations. Id.

Our decision in Merritt drew support from Carey v. Saffold, 536 U.S. 214 (2002), an opinion involving California's timeliness standard for post-conviction petitions. In California, a petitioner who sought to appeal the dismissal of a state petition was required to file a second, original petition in a higher state court within a "reasonable" period of time. Id. at 221. The Supreme Court held that if the California petition was ultimately found untimely, AEDPA's statute of limitations would not be tolled while the question of unreasonable delay was pending before the state court. Id. at 225-26. As is the case in Pennsylvania, the California statute of limitations for post-conviction petitions was not an absolute bar. Nevertheless, the Supreme Court stated that even when the state court considered the merits of the underlying state claim as well as its timeliness, if the petitioner's delay was ultimately found to have been unreasonable it would not toll the AEDPA statute of limitations. Id. at 226.

As in Merritt, Pridgen was unable to convince the Pennsylvania courts that his second PCRA petition met one of the state's statutory exceptions for timeliness. For these reasons, Pridgen's petition was not "properly filed" and therefore did not toll AEDPA's statute of limitations.

## IV. CONCLUSION

In sum, we conclude that when a Rule 60(b) motion is in conflict with provisions of AEDPA or is a direct attack on a state conviction, it constitutes the equivalent of a successive habeas corpus petition and should be dismissed. We accordingly affirm the District Court's decision dismissing those portions of Pridgen's Rule 60(b) motion that represented challenges to his state conviction, and were not authorized under 28 U.S.C. § 2244(b)(3). We also affirm the District Court's denial of Pridgen's "properly filed" claim because Pridgen failed to satisfy AEDPA's limitations period.

10