

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2005

# Tavares v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tavares v. Meyers" (2005). *2005 Decisions.* Paper 1328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-184                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2742
_____

PEDRO JUAN TAVARES,

Appellant

v.

CHARLES MEYERS, Warden, Passaic County Jail;
Secretary of the Department of Homeland
Security; MICHAEL GARCIA, Assistant Secretary,
Bureau of Immigration and Customs Enforcement; Attorney General of the United
States; DONALD K. STERN, United States Attorney or
successor-in-office; ROBERT L. PEABODY, Assistant
U.S. Attorney, District of Massachusetts*

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-1909)
District Judge:  Honorable William H. Walls

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: April 21, 2005)
_____

OPINION
_____

*Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.

PER CURIAM

Pedro Juan Tavares appeals pro se from the order of the United States District Court for the District of New Jersey dismissing both his petition under 28 U.S.C. § 2241 and his motion for appointment of counsel for lack of jurisdiction. Tavares, an alien who was being detained at the time he filed this appeal, was convicted of drug-related offenses in the United States District Court for the District of Massachusetts. Tavares filed a motion in that court to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. When the government failed to respond to the § 2255 motion, the District Court granted Tavares' motion for default judgment, vacated his sentence, and ordered his release. The government then filed a motion to vacate the default judgment, which the District Court granted. In 2001, upon the recommendation of the Magistrate Judge, the District Court denied Tavares' § 2255 motion.

Tavares applied for a certificate of appealability ("COA") in the Court of Appeals for the First Circuit. In his COA application, Tavares' sole claim was that the District Court erred in vacating the default judgment previously granted in his favor. The Court of Appeals denied the COA application, explaining that, under Federal Rule of Civil Procedure 55(e), a default judgment cannot be entered against the United States unless "the claimant establishes a claim or right to relief by evidence satisfactory to the court." The Court noted that because Tavares' underlying habeas claims were meritless, he had not supplied the requisite satisfactory evidence to the District Court.

2

In 2004, Tavares filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, raising the same claim previously raised in the First Circuit. The District Court characterized Tavares' petition as a § 2255 motion and determined that it lacked jurisdiction because the motion was "second or successive" and Tavares had not obtained authorization to file it, as required by 28 U.S.C. § 2244(b)(3)(A). The District Court also determined that it was not "in the interest of justice" to transfer the petition under 28 U.S.C. § 1631. The District Court dismissed Tavares' petition without prejudice. Tavares timely filed this appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We can affirm the District Court on any basis supported in the record. See Fairview Township v. EPA, 773, F.2d 517, 524 n.15 (3d Cir. 1985). We agree with the District Court that the relief Tavares seeks is not properly requested in a petition under 28 U.S.C. § 2241. Tavares challenges the Massachusetts District Court's order vacating the default judgment. He does not challenge the execution of his sentence, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001), and he is not seeking alternative habeas corpus relief due to the inadequacy or ineffectiveness of § 2255, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Tavares' claim would be equally misplaced in a § 2255 petition, however, as he is not challenging his conviction, the imposition of his sentence, or the jurisdiction of the court which imposed his sentence. See 28 U.S.C. § 2255. While it is evident from his pleadings that Tavares ultimately seeks release from confinement, he seeks this release

3

through reinstatement of the Massachusetts District Court's order that granted default judgment and ordered his release. Tavares neither reasserts nor reargues the habeas corpus claims raised in his original § 2255 motion. The gist of Tavares' present claim is that the government's failure to respond to his § 2255 motion filed in the District of Massachusetts constituted misconduct justifying the default judgment entered in his favor. Although Tavares labeled his petition as arising under § 2241, his pleading merely seeks relief from the Massachusetts District Court's order vacating the default judgment. His motion is thus an attack upon the § 2255 proceeding in the District of Massachusetts. See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Tavares' petition is properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which should have been filed in the United States District Court for the District of Massachusetts. We therefore agree with the District Court that it lacked jurisdiction over this motion. As the Court of Appeals for the First Circuit has considered this issue in its denial of Tavares' COA application, we also agree with the District Court's determination that transfer would not be in the interest of justice. See 28 U.S.C. § 1631.

For the foregoing reasons, we will summarily affirm the District Court's order. See I.O.P. 10.6. To the extent that Tavares' response opposing summary action includes requests to combine this petition with a pending § 2241 petition in the District Court and for a hearing on this matter, these requests are denied.

4