

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2006

# USA v. Whyte

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Whyte" (2006). *2006 Decisions*. Paper 1391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2304
_____

UNITED STATES OF AMERICA

v.

EASTON WHYTE,
a/k/a Larry Whyte,

EASTON WHYTE,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 88-cr-00047)
District Judge: Honorable Marvin Katz
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2006
Before:  BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: March 24, 2006)
_____

OPINION
_____

PER CURIAM

    Easton Whyte appeals the District Court's order denying his motion for permission

to file a nunc pro tunc motion pursuant to Fed. R. Civ. P. 60(a).  For the following

reasons, we will affirm.

In 1988 Whyte was convicted by a jury of possession with intent to distribute cocaine base (Count 1), using and carrying a firearm in relation to a drug trafficking crime (Count 2), and possession of a firearm by a previously convicted person (Count 3). He was sentenced to a total of 30 years imprisonment on Count 1, a concurrent 5 year sentence on Count 3, and a five year consecutive sentence on Count 2. We affirmed the judgment except for Whyte's claim that the court erred in refusing to depart from the guidelines, which we dismissed for lack of jurisdiction pursuant to United States v. Denardi, 892 F.2d 269 (3d Cir. 1989). United States v. Whyte, 892 F.2d 1170 (3d Cir. 1989).

In April 1992 Whyte filed his first section 2255 motion, which the District Court denied; Whyte did not appeal. Three years later he filed a motion for modification of his sentence based on Amendment 506 of the Guidelines. The government and probation office agreed with Whyte and in June 1995 the court reduced White's sentence on Count 1 to 25 years but otherwise left his sentence unchanged. We affirmed the District Court's judgment but again dismissed the appeal to the extent that Whyte challenged the court's failure to depart.

In September 1996 Whyte filed a second section 2255 motion, which the District Court denied. We declined to issue a certificate of appealability. C.A. No. 97-1256. Whyte filed another section 2255 motion in 1998. We affirmed the dismissal of the motion (C.A. No. 98-1773) and denied Whyte's subsequent application to file a successive section 2255 motion (C.A. No. 99-1187). Next, Whyte filed a section 2241

petition, which was transferred to this Court to be treated as an application to file another section 2255 motion. We denied the application. C.A. Nos. 01-2480 and 01-2554 (consolidated). Whyte also sought reduction of his sentence under section 3582, but we affirmed the denial of that motion (C.A. No. 02-2023). Whyte does not appear to have appealed the denial of a subsequent Rule 60(b) motion.

Still undeterred, in March 2005 Whyte filed a motion for permission to file nunc pro tunc a motion pursuant to Rule 60(a), seeking relief pursuant to United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005). The District Court summarily denied the motion; this appeal followed.[1]

In his motion Whyte seeks to present a challenge to his sentence. Such a challenge should be brought via 28 U.S.C. § 2255 rather than a motion under Rule 60; and because Whyte has already filed several section 2255 motions, he must first obtain authorization from this Court before filing another. See 28 U.S.C. §§ 2244 and 2244; Gonzalez v. Crosby,125 S.Ct. 2641 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). Accordingly, we will affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion.