

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-2006

# USA v. Tyler

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Tyler" (2006). *2006 Decisions.* Paper 305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos.  03-4534 and 04-3545

———————

UNITED STATES OF AMERICA

v.

WILLIE TYLER,
Appellant

———————

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No.  96-cr-00106)
District Judge:  Honorable William W.  Caldwell

———————

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before:  RENDELL, CHAGARES and ROTH, Circuit Judges

(Filed: October 23, 2006)

———————

OPINION OF THE COURT

———————

RENDELL, *Circuit Judge.*

Appellant Willie Tyler has filed two appeals, now consolidated before us.  In the

first, Tyler appeals from an order entered by the District Court on October 29, 2003

denying his motion to amend or alter judgment pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure. In issuing that order, the District Court granted Tyler a certificate of appealability. The second appeal is from an order issued by the District Court on August 20, 2004 denying Tyler's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We issued a certificate of appealability as to whether the District Court erred in construing the motion as one filed pursuant to Rule 60(b) and, if not, whether the District Court erred in denying the motion.

## I.

Because we write only for the parties, we will provide simply a brief recitation of the relevant facts. In 1991, Doreen Proctor, an informant and undercover drug buyer, testified against Tyler's brother at his state preliminary hearing after he had been arrested for drug trafficking. On the date Proctor was scheduled to testify as a prosecution witness at trial, she was found dead by the side of a country road. She had been severely beaten.

Tyler was tried and convicted of tampering with a witness by murder, tampering with a witness by intimidation and threats, and using a firearm during and in relation to a crime of violence, and was acquitted of a charge of conspiracy. Evidence at trial demonstrated that on the night before Proctor's scheduled testimony, Tyler's brother told Tyler that Proctor was going to die that night and that Tyler showed his brother how to cock a sawed-off shotgun. An eyewitness testified that the brothers had tried to abduct

2

Proctor earlier in the day but that there were too many cars in the area.  Further, Tyler's girlfriend brought home an armful of bloody clothes the next morning, the morning of the scheduled court appearance, and told her babysitter to say that she had been home all evening.  That morning, Tyler said, "It's over.  She's gone," and Tyler's brother said, "I'll be in court, but that [expletive] won't."  A witness also overheard Tyler's girlfriend tell Tyler during a fight, "I shot Doreen, but you killed her."

The District Court sentenced Tyler to life imprisonment for the crime of tampering with a witness by murder.[1]  Tyler claims that, in sentencing him to life imprisonment, the District Court improperly found he had committed first degree murder.

## II.

In denying Tyler's motion to alter or amend the judgment denying his § 2255 motion for habeas corpus pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the District Court issued a certificate of appealability on the issue of whether Tyler's counsel was ineffective for not raising an *Apprendi* claim on direct appeal.  We review the claim of ineffective assistance of counsel *de novo* because it involves mixed questions of law and fact.  *United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002).

There is a two-prong standard for evaluating a claim that appellate counsel was ineffective.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Cross*, 308 F.3d at 315.

---

[1]  The District Court also sentenced Tyler to ten years imprisonment to be served concurrently for tampering with a witness by intimidation and threats and five years imprisonment to be served consecutively to the life term for using a firearm during and in connection with a crime of violence.

First, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, he must demonstrate prejudice, or a "reasonable probability" that his appeal would have been successful had his counsel's performance satisfied constitutional requirements. *Id.* at 694-95. It is appropriate to evaluate the prejudice prong first "because it is preferable to avoid passing judgment on counsel's performance when possible." *Cross*, 308 F.3d at 315.

As stated above, the jury found Tyler guilty of tampering with a witness by murder, which is set forth in 18 U.S.C. § 1512(a)(1) as follows:

> (a)(1)  Whoever kills or attempts to kill another person, with intent to –
>
> (A)  prevent the attendance or testimony of any person in an official proceeding; [or]
>
> \*\*\*
>
> (C)  prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . .
>
> \*\*\*

shall be punished as provided in paragraph (3).

Paragraph (3) provides in relevant part that "[t]he punishment for an offense under this subsection is – (A) in the case of murder (as defined in section 1111), the death penalty or imprisonment for life, and in the case of any other killing, the punishment provided in section 1112." 18 U.S.C. § 1512(a)(3).

Murder is defined in 18 U.S.C. § 1111(a) as "the unlawful killing of a human

4

being with malice aforethought." Where the murder is any "willful, deliberate, malicious, and premeditated killing," it is murder in the first degree and is punishable by life imprisonment or death. 18 U.S.C. § 1111(a) & (b). Any other murder is murder in the second degree, which is punishable by imprisonment for a term of any years or for life. *Id.* Thus, life imprisonment is an appropriate sentence for either first or second degree murder. *Id.*

In convicting Tyler of tampering with a witness by murder, the jury necessarily had to find the elements that Tyler committed murder and that the murder was motivated by a desire either to prevent the witness from testifying or to prevent her from communicating with law enforcement officers. The District Court defined murder in its instructions as requiring killing with malice, or killing intentionally. Although the District Court did not expressly differentiate between first and second degree murder in its instructions, the instructions and the subsequent findings of the jury encompassed the elements of first degree murder. Therefore, the District Court's finding of first degree murder at sentencing was supported by the findings of the jury.

Moreover, *Apprendi* requires only that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Although the statute permits a sentence "of any years," the statutory maximum for second degree murder is defined in the relevant statute as life imprisonment. Accordingly, imposition of a sentence of life

5

imprisonment did not offend *Apprendi*, even if the jury's findings had only supported a finding of second degree murder. As a result, any *Apprendi* claim pursued on appeal would have been futile, and there was no prejudice to Tyler. *See Cross*, 308 F.3d at 315.

### III.

Tyler also appeals the District Court's denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure to alter or amend the judgment denying his § 2255 motion. In that motion, Tyler argued that *Blakely v. Washington*, 542 U.S. 296 (2004), was a significant change in the law justifying a grant of habeas corpus and resentencing. The District Court treated the motion as properly filed under Rule 60(b) and denied it based upon the absence of extraordinary circumstances. We review the District Court's denial of Tyler's Rule 60(b) motion for abuse of discretion, but the legal status of such a motion is a matter of law that is reviewed under a *de novo* standard. *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004).

The government contends that the District Court erred in treating Tyler's motion as a motion for relief from judgment pursuant to Rule 60(b) rather than a successive motion to vacate judgment under 28 U.S.C. § 2255. We think that this was error. Tyler is really attacking his sentencing order, not the order denying § 2255 relief. This is clear because the relief he seeks is not the reversal of the § 2255 order. Rather, he wants us to vacate the order sentencing him. *See Pridgen*, 380 F.3d at 727. Accordingly, because Tyler is challenging the habeas judgment itself, his claim properly should have been brought under § 2255, not Rule 60(b). *See id.* A prisoner seeking to file a successive § 2255

6

habeas petition must first obtain an order from this Court authorizing the District Court to consider the motion. *Id.* at 724. Tyler did not do so. Therefore, the District Court therefore had no jurisdiction to consider the motion, and we will instruct the District Court to enter an appropriate order.

## III.

Accordingly, for the reasons outlined above, we will affirm the District Court's order of October 29, 2003 denying Tyler's motion to alter or amend. However, because the District Court lacked jurisdiction over Tyler's Rule 60(b) motion, we will vacate its order of August 20, 2004 and remand for it to enter an order that the motion was a successive habeas motion as to which it lacked jurisdiction.