

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2007

# Ferguson v. Lappin

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ferguson v. Lappin" (2007). *2007 Decisions.* Paper 701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-276                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1334
_____

COLUMBUS FERGUSON,

Appellant

v.

HARLEY G. LAPPIN,
Director of Bureau of Prisons;
Warden PAUL SCHULTZ;
UNITED STATES BUREAU OF PRISONS;
UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03166)
District Judge:  Honorable Noel L. Hillman
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 21, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>Circuit Judges</u>.

(Filed: July 25, 2007)
_____

OPINION
_____

PER CURIAM

Columbus Ferguson appeals from the District Court's order denying his motion under Fed. R. Civ. P. 60(b) for relief from judgment. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

In 1992, Columbus Ferguson pleaded guilty in the United States District Court for the Western District of North Carolina to conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846. Because he was found to be a career offender, he was eventually sentenced to 240 months' imprisonment with five years' supervised release. He is currently serving that sentence at the Federal Correctional Institution at Fairton, New Jersey.

He has filed numerous collateral challenges to his sentence and conviction both in North Carolina and New Jersey. He filed this most recent petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. In the petition, titled "Judicial Review of Administrative Remedy," he claimed that the United States Bureau of Prisons is unlawfully executing his sentence because he "is actually innocent of being a career offender pursuant to U.S.S.G. 4B1." The District Court found that this petition was a thinly veiled attempt to avoid the restrictions on filing second or successive motions to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255, and dismissed it for lack of jurisdiction.

Three months later, Ferguson filed this motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(1). In the motion, Ferguson argued that the District Court was

wrong to characterize his petition as a § 2255 motion, and, therefore, had jurisdiction. The District Court denied the motion and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a District Court's decision to deny a Rule 60(b) motion for abuse of discretion. See Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). The "savings clause" of § 2255 provides that a federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). The fact that a petitioner has previously been denied relief, cannot meet the requirements for filing a second or successive § 2255 motion, or is unable to comply with § 2255's statute of limitations, is insufficient to justify proceeding under § 2241. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Ferguson cannot show that § 2255 was inadequate or ineffective to bring this claim and, thus, he cannot proceed via § 2241. Ferguson merely asserts that he is "actually innocent of the career offender" sentencing enhancement. However, Ferguson has had the opportunity to raise this claim in his previous § 2255 motions. Accordingly, the District Court did not err in denying his Rule 60(b) motion.

3

In short, upon consideration of Ferguson's Rule 60(b) motion and appellate brief, we conclude that his appeal presents us with no substantial question.  <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's order.[1]

---

[1]To the extent that Ferguson requires a certificate of appealability to pursue his appeal, we decline to issue one.

4