DLD-344                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2384
_____

IN RE:  THOMAS PAUL RICHARD, SR.,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil No. 2-07-cv-00016)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 18, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 31, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Thomas Richard, a state prisoner, filed a petition for a writ of

mandamus requesting that we 1) compel the Magistrate Judge to recuse himself and 2)

reverse the denial of his motion pursuant to Fed. R. Civ. P. 60(b).

We will issue a writ of mandamus under 28 U.S.C. § 1651(a) only in

"extraordinary circumstances."  See <u>Hahnemann Univ. Hosp. v. Edgar</u>, 74 F.3d 456, 461

(3d Cir. 1996).  A petitioner seeking mandamus must show that (1) no other adequate

means exist to attain the desired relief, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances of his case. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004); In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006). "Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." Hahnemann, 74 F.3d at 461; see also Pressman-Gutman, 459 F.3d at 398 (holding mandamus is not a substitute for appeal). Even when these elements are met, the decision to issue a writ of mandamus is "largely discretionary." Hahnemann, 74 F.3d at 461.

The Magistrate Judge denied Richard's 60(b) motion as moot. Denial of a motion pursuant to Fed. R. Civ. P. 60(b) is a final, appealable order. See, e.g., Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004). Because an ordinary appeal is available, we will deny the petition for mandamus to the extent it is an attempt to seek review of the District Court's order. See United States v. Higdon, 638 F.3d 233, 245 (3d Cir. 2011) (holding power for appellate courts to issue mandamus is limited to "exceptional cases where the traditional bases for jurisdiction do not apply.") (quoting In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994)).

However, mandamus is an appropriate vehicle to challenge the denial of a motion to recuse under 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 777-78 (3d Cir. 1992). Richard's assertion of bias is solely on the basis that the Magistrate Judge has ruled against him in the past. That is insufficient to establish that the Magistrate Judge's partiality might reasonably be questioned within the meaning of § 455. Liteky v.

<u>United States</u>, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Here, the record only shows that the Magistrate Judge denied Richard's petition for writ of habeas corpus five years ago, and Richard has pointed to no extrajudicial source of bias. <u>See</u> <u>United States v. Bertoli</u>, 40 F.3d 1384, 1412 (3d Cir. 1994). We find no evidence in the record of a "deep seated or high degree of favoritism or antagonism that would make fair judgment impossible." <u>United States v. Wecht</u>, 484 F.3d 194, 213 (3d Cir. 2007) (citation and internal quotation marks omitted).

Accordingly, we will deny the petition for writ of mandamus.