DLD-155                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4535
_____

IN RE:  JOHN ROLAND JACKSON,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3-90-cv-00979)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 16, 2014

Before: SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Opinion filed: February 7, 2014)
_____

OPINION
_____

PER CURIAM

    Petitioner John Jackson, proceeding pro se, seeks a writ of mandamus.  For the reasons

that follow, we will deny the petition.

    In 1981, Jackson was convicted of rape, aggravated assault, and kidnapping.  Jackson

unsuccessfully sought relief on direct appeal and collateral review.  In 1990, Jackson filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District

Court for the Middle District of Pennsylvania.  Jackson claimed, inter alia, that trial counsel

was ineffective for failing to interview and secure alibi witnesses and that the evidence was insufficient to support his conviction. The District Court denied Jackson's petition without an evidentiary hearing, and we denied a certificate of probable cause. Jackson filed a second § 2254 petition in 1999 that the District Court transferred to this Court for consideration under 28 U.S.C. § 2244(b)(3)(A). We denied authorization to file a second or successive habeas petition.

Since then, Jackson has filed over 10 applications under 28 U.S.C. § 2244 seeking permission to file a second or successive habeas petition. In each of these applications, Jackson raised claims alleging that his trial counsel was ineffective for failing to secure alibi witnesses and argued that the District Court erred when it determined that he submitted no evidence establishing that the period of time covered in his alibi claim precluded him from committing the crimes. We denied all of Jackson's § 2244 applications, concluding that he failed to meet the standard for authorizing a second or successive § 2254 petition. See 28 U.S.C. § 2244(b)(1)-(2); In re Minarik, 166 F.3d 591, 602 (3d Cir. 1999); see also Kuhlman v. Wilson, 477 U.S. 436, 454 (1986) (per curiam).

Jackson now seeks a writ of mandamus, again arguing that the District Court incorrectly determined that he failed to adequately support his alibi claim. A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal

quotation marks omitted) (quoting <u>Cheney v. United States Dist. Court for D.C.</u>, 542 U.S. 367, 380-81 (2004)).

The proper avenue for challenging a state conviction in federal court is 28 U.S.C. § 2254.  <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001).  When a prisoner has previously filed a habeas petition, he may not file another without leave from the Court of Appeals.  28 U.S.C. § 2244(a)-(b).  Jackson's inability to satisfy the standard set forth in § 2244 does not constitute an extraordinary situation warranting mandamus relief.  <u>See, e.g.</u>, <u>In re Chambers Dev. Co.</u>, 148 F.3d 214, 226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction.").  Moreover, mandamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of 28 U.S.C. § 2254 make it difficult to pursue a successive motion.[1]  <u>Cf.</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997) (holding that federal habeas relief pursuant to 28 U.S.C. § 2241 is not available simply because a petitioner cannot satisfy the gatekeeping requirements).  Similarly, to the extent that Jackson is seeking to attack the manner in which the District Court denied his first § 2254 petition, mandamus is not the proper method to do so.  <u>See</u> <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727 (3d Cir. 2004).  Accordingly, we will deny the petition.

---

[1] Jackson argues that the relief he desires is no longer available via § 2244 because an order entered December 11, 2012, denying his most recent § 2244 application stated that "future applications raising the same claim may result in sanctions and filing limitations."  While the All Writs Act, 28 U.S.C. § 1651(a), enables us to issue injunctions restricting an individual's ability to initiate proceedings when exigent circumstances exist, including "a litigant's abuse of the judicial process by filing meritless and repetitive actions," <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993), we have not issued such an injunction and Jackson is not enjoined from filing a § 2244 application at this time.