**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2854
_____

RAO S. MANDALAPU,
Appellant

v.

TEMPLE UNIVERSITY HOSPITAL, INC.; DOCTOR JACK H. MYDLO;
DOCTOR ROBERT GUY UZZO; DOCTOR RICHARD E. GREENBURG;
DOCTOR DAVID Y.T. CHEN; DOCTOR ALEXANDER KUTIKOV;
DOCTOR ROBERT S. CHARLES; DOCTOR STEVEN J. HIRSHBERG;
and DOCTOR YAN F. SHIBUTANI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-5977)
District Judge: Honorable John R. Padova
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2020
Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 5, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Dr. Rao Mandalapu filed an employment discrimination suit against Temple University Hospital and several of its doctors (collectively, "Defendants"). The District Court granted summary judgment to Defendants, and we affirmed. See Mandalapu v. Temple Univ. Hosp., 786 F. App'x 348, 349 (3d Cir. 2019).

During the pendency of the summary judgment appeal litigated by his attorneys, Dr. Mandalapu filed in the District Court multiple pro se motions for relief from judgment. Pertinent to the current appeal, he filed a pro se omnibus motion under Rules 60(b), 60(d), and 62.1 of the Federal Rules of Civil Procedure.[1] The motion was accompanied by hundreds of pages of exhibits; it asserted that new evidence had been discovered; it argued that Defendants had stonewalled during discovery and submitted misleading evidence in support of their motion for summary judgment; and it contended that the District Court had failed to properly assess all of the evidence in the record.

The District Court denied the motion, pursuant to Rule 62.1(a)(2). Dr. Mandalapu appealed; we have jurisdiction, see 28 U.S.C. § 1291; and our review is for abuse of discretion, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008); see

---

[1] Rule 60(b) provides six bases for obtaining relief from a judgment, and Rule 60(d) is a saving clause clarifying that Rule 60(b) does not limit the power of a federal court to, inter alia, "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Separately, Rule 62.1 is a procedural device that permits the District Court to issue an "indicative" decision on a motion for relief, notwithstanding a pending appeal. See Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that . . . is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

2

also Ray v. Pinnacle Health Hosps., Inc., 416 F. App'x 157, 161 n.3 (3d Cir. 2010) (applying abuse-of-discretion standard to review an order denying a motion under Rule 62.1(a)(2)); LAJIM, LLC v. Gen. Elec. Co., 917 F.3d 933, 949 (7th Cir. 2019) (same); Jackson v. Allstate Ins. Co., 785 F.3d 1193, 1206 (8th Cir. 2015) (same).

Dr. Mandalapu's opening brief confirms that his omnibus motion sought a wholesale relitigation of the District Court's summary judgment ruling that we affirmed last year. But, generally speaking, that is not a proper use of Rule 60(b). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (stating that "a Rule 60(b) motion 'may not be used as a substitute for an appeal, and that legal error, without more' does not warrant relief under that provision") (citation omitted); see also In re SDDS, Inc., 225 F.3d 970, 972 (8th Cir. 2000). Insofar as Dr. Mandalapu raises any *new* claims of legal error, those claims could—and thus should—have been raised in the earlier appeal. Cf. Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004).

Furthermore, and to the extent that Dr. Mandalapu claimed in his motion below that he has new supporting evidence, we agree with the District Court to the contrary. See, e.g., ECF 95 at 1 n.1 (District Court: "[T]he discrimination complaint and Ohio State report do not constitute 'new evidence'; rather, [Dr. Mandalapu] submitted both to us as attachments to a January 24, 2018 letter, months prior to our entering summary judgment in this matter"); cf. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) ("A party is entitled to new trial [under Rule 60(b)(2)] only if such [new] evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the

3

outcome of the trial."). Additionally, there are no exceptional circumstances warranting relief under Rule 60(b)(6). Cf. Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1347 (3d Cir. 1987). And, finally, there is no evidence—let alone the clear and convincing kind required by either Rule 60(d)(3), see Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987), or Rule 60(b)(3), see In re Bressman, 874 F.3d 142, 150-51 (3d Cir. 2017)—of any fraud committed by Defendants.

For those reasons, we conclude that the District Court did not abuse its discretion in denying relief under Rules 60(b), 60(d), and 62.1. Accordingly, we will affirm.