

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2007

# Malhan v. Anthony Robbins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Malhan v. Anthony Robbins Co" (2007). *2007 Decisions.* Paper 427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3332
_____

CAPT. SURENDER MALHAN;
ALINA MALHAN,

Appellants

v.

THE ANTHONY ROBBINS COMPANIES,
Robbins Research International, Inc.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05951)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2007

BEFORE: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>

(Filed: September 17, 2007)

_____

OPINION
_____

PER CURIAM

Pro se appellants Capt. Surender Malhan and Alina Malhan appeal the orders of

the United States District Court for the District of New Jersey, dismissing their complaint alleging breach of contract and other claims, and denying their post-judgment motion. We lack jurisdiction to review the dismissal of the complaint; we will affirm the order denying the post-judgment motion.

## I.

The Malhans enrolled by signed contract in three multi-day seminars offered by Appellee Robbins Research International ("Robbins"). The Malhans paid a combined fee of $20,440. The contract outlines specific procedures by which individuals dissatisfied with a seminar could seek a refund. The Malhans maintain that they were informed when they registered for a December 2004 seminar that they would be able to sit together during the seminar, but upon arrival they were informed that couples would not be placed together in the same group. Although staff asked the Malhans to separate, they were permitted to sit together during the first two days of the seminar. On the third day, seminar staff would not permit the Malhans to sit together, and rather than be separated, they chose to leave the seminar. Three months later, the Malhans sought a refund from Robbins personnel. They did not receive a refund.

On November 9, 2005, the Malhans filed their complaint in the Superior Court of New Jersey seeking full refund of the enrollment fees. They also seek approximately $62,000 for six days of lost wages, $1,000,000 compensation for mental agony due to the inability to attend the lectures and the humiliation of leaving the seminar, $2,000,000 for

2

strain on marital relations and other assorted damages, and over $10,000,000 in damages for loss of opportunity to increase their business's value.

Robbins filed a notice of removal to the United States District Court for the District of New Jersey on December 22, 2005, pursuant to 28 U.S.C. § 1441(a) on diversity grounds. Robbins also moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The District Court allowed the Malhans to amend their complaint, and granted the motion to dismiss on March 24, 2006. On April 13, 2006, the Malhans mailed a letter to the District Court that contained sections entitled "Motion to Reconsider" and "Motion to Amend"; that document was filed by the District Court on April 18, 2006. The District Court denied the Malhans' motions on June 9, 2006. The Malhans filed their notice of appeal on July 7, 2006. Because this appeal presents a threshold question of timeliness, the Clerk directed the parties to address the timeliness of the appeal in their briefs. Robbins contends that the Malhans' notice of appeal was not timely filed.

II.

We first address the issue of our jurisdiction. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the Malhans were required to file their notice of appeal within 30 days after entry of the District Court's final order. While a timely motion for reconsideration will toll the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(4)(A), the Malhans' motion was untimely. Recently, the Supreme Court confirmed

that a court of appeals lacks jurisdiction to entertain an appeal that is filed outside of the time period that is stated in Federal Rule of Appellate Procedure 4(a). See Bowles v. Russell, 127 S. Ct. 2360, 2362-63 (2007). We may make no exception. See id. at 2366 (expressly overruling Court's prior decisions purporting to authorize "equitable exceptions to jurisdictional requirements"). Accordingly, we do not have jurisdiction to review the District Court's order dismissing the complaint.

The remaining issue is whether we have authority to consider the appeal from the District Court's order denying the Malhans' post-judgment motion. Though the District Court construed the motion as an untimely Rule 59(e) motion, we believe the motion may be construed as one filed pursuant to Rule 60(b)(6). As the order denying relief under Rule 60(b) is a final order that may be reviewed independently from the District Court's order that dismissed the complaint, we have jurisdiction in this matter. The scope of our review is limited to the District Court's denial of the Rule 60(b) motion.

### III.

We review the District Court's determination under Rule 60(b) for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). Only "extraordinary, and special" circumstances warrant relief from judgment. See Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004).

The District Court correctly denied the Malhans' motion. In their motion, the Malhans do not present any arguments related to the District Court's conclusion that they

4

failed to meet the legal requirements to state a cause of action for breach of contract or otherwise explain why the District Court should grant them relief from judgment. The Malhans' sense that they were wronged, while understandable, is not a cognizable basis for Rule 60(b) relief. On appeal, the Malhans argue that they actually enrolled in three separate seminars, and attended only one. This assertion cannot form the basis for a breach of contract claim concerning the refund procedure, as there is a separate procedure described in the contract for persons wishing to terminate their "enrollment" after having attended fewer than all three seminars. The Malhans do not allege that they followed (or attempted to follow) these procedures, or that Robbins breached the contract with regard to them. Accordingly, even if this assertion had been presented to the District Court, it would not have provided a basis for granting Rule 60(b)(6) relief.

Therefore, we lack jurisdiction to consider the District Court's order dismissing the Malhans' complaint, but will affirm the District Court's order that denied the Malhans' post-judgment motion.