

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2009

# USA v. Lizardo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4795

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Lizardo" (2009). *2009 Decisions.* Paper 1925.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1925

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4795

———————

UNITED STATES OF AMERICA

v.

SIXTO LIZARDO
a/k/a
VINA

Sixto Lizardo,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 99-CR-00385-1
District Judge: The Honorable Ronald L. Buckwalter

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 29, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 4, 2009)

———————

OPINION

———————

SMITH, *Circuit Judge.*

In June of 2000, a jury convicted Sixto Lizardo of both conspiring to distribute and

distributing cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The United States District Court for the Eastern District of Pennsylvania sentenced Lizardo to a mandatory minimum sentence of 240 months. Lizardo's direct appeal was unsuccessful.

On May 11, 2005, Lizardo filed a motion to vacate and set aside his sentence under 28 U.S.C. § 2255. Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), Lizardo claimed that his Sixth Amendment rights had been violated because the District Court's sentence was not based on facts, particularly the quantity of the cocaine and cocaine base, found beyond a reasonable doubt. The District Court denied Lizardo's motion. Lizardo's appeal of the District Court's denial of his § 2255 petition fared no better than his direct appeal.

More than a year later, in September of 2007, proceeding *pro se*, Lizardo filed a motion for reduction of sentence pursuant to Federal Rule of Civil Procedure 60(b)(4). Lizardo asserted that the District Court lacked the authority to impose his sentence because the District Court's finding as to the quantity of drugs was not "pleaded and proved to a jury." After considering the government's response to the motion, the District Court entered a one sentence order denying the motion. This appeal followed. We exercise jurisdiction under 28 U.S.C. § 1291.

On appeal, counsel was appointed for Lizardo under the Civil Justice Reform Act. Counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 743 (1967). He

2

asserts that Lizardo's motion for reduction constituted an unauthorized second or successive § 2255 motion. We agree.

After consideration of Lizardo's initial § 2255 motion and his subsequent Rule 60(b) motion, we conclude that they present the same substantive claim for relief; that is, the motions challenge the viability of the District Court's sentence in the wake of *Apprendi*, *Blakely*, and *Booker*. As a result, the subsequent Rule 60(b) motion constitutes a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). As such, Lizardo's motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Inasmuch as Lizardo's motion had not been certified, the District Court did not have jurisdiction to entertain it. *Burton v. Stewart*, 549 U.S. 147, 149 (2007). For that reason, we will affirm the District Court's order denying Lizardo's Rule 60(b) motion.

Although Lizardo did not ask us to construe his appeal of the District Court's order as an application for authorization to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A), we will do so. We will deny the application as we have determined that *Booker* does not apply retroactively to § 2255 motions. *United States v. Lloyd*, 407 F.3d 608, 616 (3d Cir. 2005).[1]

---

[1]In light of our disposition of Lizardo's appeal, we will grant counsel's motion to withdraw. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).