

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# Schweitzer v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2580

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Schweitzer v. USA" (2007). *2007 Decisions*. Paper 1716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2580
_____

LEO F. SCHWEITZER, III,
Appellant

v.

UNITED STATES OF AMERICA;
ATTORNEY GENERAL;
UNITED STATES PAROLE COMMISSION;
UNITED STATES BUREAU OF PRISONS;
DEPARTMENT OF DEFENSE;
PA STATE ATTORNEY GENERAL
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-02042)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 29, 2006

Before: RENDELL, SMITH and COWEN, Circuit Judges.

(Filed: January 31, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Leo Schweitzer appeals from an order of the United States District Court for the Middle District of Pennsylvania that denied his petition for a writ of habeas corpus, his motion for an evidentiary hearing, and his motion for summary judgment.

In 1985, Schweitzer was convicted on charges of filing false statements and mail fraud. He was sentenced to fifteen years of incarceration by the United States District Court for the Eastern District of Pennsylvania. Schweitzer filed a motion for entry of judgment of acquittal that was denied by the District Court. We affirmed. C.A. No. 85-1665. Thereafter, Schweitzer filed a motion pursuant to 28 U.S.C. § 2255 that was denied on October 26, 1988. On October 7, 2005, Schweitzer filed this petition for writ of habeas corpus pursuant to 28 U.S.C § 2241 in the United States District Court for the Middle District of Pennsylvania arguing that his sentence is unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), challenging the actions that the Parole Commission has taken regarding his sentence, and challenging the Bureau of Prisons' calculation of his sentence. Schweitzer also sought a writ of error coram nobis, or, alternatively, asserted that he was entitled to relief pursuant to Federal Rule of Civil Procedure 60(b). [1] The District Court denied Schweitzer's petition.

---

[1] Schweitzer has been paroled several times since his incarceration in 1985; however, his parole has been revoked for various violations. The history of Schweitzer's incarceration and parole is set forth, at length, in the District Court's opinion.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Schweitzer has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Schweitzer has not demonstrated that § 2255 is "inadequate or ineffective" as to the claim that his sentence is unconstitutional pursuant to Apprendi, Booker, and Blakely. Unlike the intervening law in In re Dorsainvil 119 F.3d 245, 251 (3d Cir. 1997), the decisions in Apprendi, Booker, and Blakely did not decriminalize the conduct for which Schweitzer was convicted. See Okereke, 307 F.3d at 120-21 (§ 2255 not "inadequate or ineffective," where petitioner sought to raise sentencing claim based on the intervening decision in New Jersey v. Apprendi); see also Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (§ 2241 petition based on the intervening decision in United

3

States v. Booker does not fall within the "savings clause" of § 2255).  Furthermore, the

holdings in Apprendi, Booker, and Blakely are not applicable retroactively to cases on

collateral review.  See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003); Lloyd

v. United States, 407 F.3d 608, 613-615 (3d Cir. 2005); U.S. v. Price, 400 F.3d 844 (10th

Cir. 2005).  Accordingly, the District Court properly concluded that § 2241 relief was not

available as to Schweitzer's Apprendi, Booker, and Blakely claims.

Schweitzer also contends that the actions the Parole Commission has taken

regarding his sentence are unauthorized because his underlying conviction was void

pursuant to Apprendi, Booker, and Blakely.  Although this argument may be raised in a

§ 2241 petition, his contention lacks merit.  Schweitzer's sentence has not been declared

void.  Accordingly, the Parole Commission has exercised, and continues to exercise,

lawful jurisdiction over him.

Schweitzer also asserts that the Bureau of Prisons has failed to properly calculate

his sentence as an "old" law sentence pursuant to 18 U.S.C. § 3568 (repealed).  Appellees

filed a response with the District Court arguing that the claim should be dismissed

because Schweitzer failed to exhaust his administrative remedies.  Ordinarily, federal

prisoners are required to exhaust their administrative remedies prior to seeking a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Moscato v. Federal Bureau of Prisons, 98

F.3d 757 (3d Cir. 1996).  Schweitzer asserts that he is not required to exhaust his

administrative remedies because the Bureau of Prisons is exercising an "incorrect version

of statutory authority," and, thus, any attempt at resolving the issue through

4

administrative remedies would be futile.  (Doc. 23, Traverse at 36).

We disagree with Schweitzer's characterization of his argument.  He is asserting that the Bureau of Prisons calculated his sentence pursuant to the wrong statute, not that the Bureau of Prisons has wrongly interpreted a statute.  Bureau of Prisons' regulations provide a multi-level review process that a federal prisoner may utilize in order to seek formal review of an issue relating to any aspect of his confinement.  28 C.F.R. §§ 542.10-542.18.  Because the Bureau of Prisons permits administrative review of its sentence calculation and because there is no indication that Schweitzer would be foreclosed from seeking such a review, Schweitzer must exhaust his administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Finally, Schweitzer's contentions that he is entitled to a writ of error coram nobis or relief pursuant to Fed. R. Civ. P. 60(b) lack merit.  A writ of error coram nobis may not be used by a petitioner in custody to circumvent AEDPA's limitations on second or successive § 2255 petitions.  United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).  Because Schweitzer seeks to raise new claims collaterally attacking his underlying conviction, his Rule 60(b) motion must be treated as a successive § 2255 motion.  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  Schweitzer has not sought our permission to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255; 28 U.S.C. § 2244.

For the foregoing reasons, we will dismiss this appeal pursuant to  28 U.S.C. § 1915(e)(2)(B).

5