OPINION
PER CURIAM.
In November 2008, Leo Schweitzer filed a sixty-four-page complaint against the United States and countless other persons and entities. Though its contents are not entirely clear, it appears that Schweitzer primarily sought redress for an alleged breach of a plea agreement related to his most recent conviction, and perhaps all of his prior criminal convictions as well.[1] Schweitzer alleged violations of his “First, *602 Fourth, Fifth, Sixth, Eight[h], Ninth, Tenth, Thirteen, and Fourteenth Amendment ]” rights, as well as violations of the Federal Tort Claims Act (“FTCA”). The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief maybe granted. Schweitzer appealed.
We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). Having granted Schweitzer leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
At the outset, we note our disagreement with the District Court’s determination that Schweitzer’s claims are barred by the FTCA’s applicable statute of limitations. The claimant is required by the FTCA to file an administrative tort suit within two years of the claim’s accrual. See 28 U.S.C. § 2401(b). Here, Schweitzer apparently filed an administrative tort suit on April 24, 2006. (Dist. Ct. Op. at 8.) Schweitzer’s claims could have accrued in late 2004, the last year in which he complains that government misconduct occurred concerning the alleged breach of a plea agreement. (Dist. Ct. Op. at 3-4) (“Plaintiff sets forth a plethora of alleged violations which appear to have occurred over a time period spanning from 1984 through 2004). Thus we cannot say for sure whether Schweitzer’s claims, if they were in fact proper claims under the FTCA, were timely. We will not remand for further development of the record, however, because we dispose of this appeal on other grounds. Cf. Nicini v. Morra, 212 F.3d 798, 805 (3d Cir.2000) (en banc).
Schweitzer’s claims are, in effect, collateral attacks on his convictions. As the District Court observed, Schweitzer’s claims are premised on the alleged breach of a plea agreement, his alleged actual innocence of any criminal wrongdoing, and the alleged unreasonableness of his sentence for the crimes of conviction. Such attacks must be brought via habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). We note, moreover, that Schweitzer has already unsuccessfully attempted to end or shorten his term of imprisonment through various means over the years, including 28 U.S.C. § 2255, 28 U.S.C. § 2241, Federal Rule of Civil Procedure 60(b), and a petition for a writ of coram nobis.[2] It appears, then, that this complaint is just his latest attempt at circumventing AEDPA’s stringent gatekeep-ing requirements for second or successive § 2255 motions. As a result, it would have been pointless for the District Court to construe the complaint as a § 2255 motion because the District Court would have lacked jurisdiction to entertain it without our having authorized its filing. See 28 U.S.C. § 2244. Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

. Details of Schweitzer's extensive criminal history are set forth in United States v. Schweitzer, 454 F.3d 197 (3d Cir.2006).

. Indeed, many of the claims made in Schweitzer’s complaint are duplicative of claims previously rejected by this Court.

. Our decision to dismiss the appeal pursuant to § 1915(e)(2)(B) has significant consequences, because it will mean that Schweitzer has had at least three actions or appeals dismissed under that provision during his incarceration. See also Schweitzer v. United States, 215 Fed.Appx. 120 (3d Cir.2007); Schweitzer v. United States, No. 08-cv-02146, dkt #26 (M.D.Pa. Aug. 7, 2009); Schweitzer v. All Territories & Insular Possessions, No. 06-cv-0965, dkt #34 (M.D.Pa. Apr. 26, 2007). Thus, while imprisoned, Schweitzer will from *603 now on be prohibited from bringing civil suits unless he either pays the fees in full up-front or makes a showing that he is "under imminent danger of serious physical injury.'' 28 U.S.C. § 1915(g).