GLD-068                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3909
_____

LEO F. SCHWEITZER, III,

Appellant

v.

UNITED STATES OF AMERICA; ATTORNEY GENERAL OF UNITED STATES; SOLICITOR GENERAL OF UNITED STATES; WILLIAM J. HAYNES, II, U.S. DEPARTMENT OF DEFENSE; WILLIAM R. BURCHILL, JR., ADMINISTRATIVE OFF. OF U.S. COURTS; HONORABLE GERALD AUERBACH, UNITED STATES MARSHALL SERVICE; PATRICK L. MEEHAN, UNITED STATES ATTORNEY, EASTERN DIST.; HONORABLE DANIEL H. HUYETT, III; HONORABLE CLARENCE C. NEWCOMER; HONORABLE WELSH, MAGISTRATE JUDGE; AUSA JUSDON A. AARON, PERSONAL & OFF; AUSA GERALD SULLIVAN, PERSONAL & OFF; AUSA JAMES, ROHN, PERSONAL & OFF; AUSA CHRISTOPHER HALL, PERSONAL & OFF; BRUCE CHASON, PERSONAL & OFF; AUSA MARSHA MCCLELLEN, PERSONAL & OFF; AUSA RICHARD GOLDBERG, PERSONAL & OFF; GAIL WHITE AGBUGUI, PROBATION PER/OFF; MICHAEL SANTELLA, PROBATION PER/OFF; DONALD MILLER, PROBATION PER/OFF; SALLY KEGLOVITS, PROBATION PER/OFF; CHRISTOPHER MAUHN, PROBATION PER/OFF; ROBERT MCKENNEY, FBI - PERSONAL & OFF; WILLIAM ALONE, FBI - PERSONAL & OFF; ROBERT COONS, DOD - PERSONAL & OFF; JOHN DOE #1, DOD - PERSONAL & OFF; JOHN DOE #2, DOD - PERSONAL & OFF; JOHN DOE #3, DOD - PERSONAL & OFF; JOHN DOE #4, NCIS - PERSONAL & OFF; JOHN DOE #5, NCIS - PERSONAL & OFF; TEAH WEDLOCK, USPC; SCOTT KUBRIC, USPC; COMM. SIMSON, USPC; JOHN DOE #6, USPC; P. DOUGLAS SISK, CLERK; BRADFORD A. BALDUS, LEGAL ADVISOR; JEFFREY MILLER, ESQUIRE; NARSUTI & MILLER; GARY LENTZ; BOTCHETTO & LENTZ; CONRAD, O'BRIEN, GELLMAN & ROHN; JOHN DUNN; DIANNA DUNN; DETECTIVE TODD, PERSONAL & OFF STATE ACTORS; PLYMOUTH TOWNSHIP; MONTGOMERY TOWNSHIP; PENNSYLVANIA, STATE ACTORS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-01806)
District Judge:  Honorable Edwin M. Kosik (by designation)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, Circuit Judges

(Opinion filed January 11, 2012)
_____

OPINION
_____

PER CURIAM

"Leo F. Schweitzer, III, has a two-decade history of defrauding the Department of

Defense."  United States v. Schweitzer, 454 F.3d 197, 198 (3d Cir. 2006).  This history

has resulted in his convictions of mail fraud and other federal crimes in 1985, 1995 and

2005.  See id. at 198-200.  We have affirmed them.  See id. at 206; United States v.

Schweitzer, 116 F.3d 470 (Table) (3d Cir. 1997); United States v. Schweitzer, 800 F.2d

1141 (Table) (3d Cir. 1986).  We also have rejected Schweitzer's numerous collateral

challenges to these convictions and his sentences over the years.  See Schweitzer v.

United States, 354 F. App'x 601, 602 (3d Cir. 2009).  The convictions have never been

invalidated.

At issue here is a civil complaint that Schweitzer filed in 2007.  Schweitzer named

and sought monetary damages from the United States and forty-six other state, federal

and private defendants, including investigators, prosecutors, probation officers, privately

2

retained counsel, judges, court employees, government witnesses, and virtually everyone else involved in his criminal proceedings and sentences. In general terms, Schweitzer alleges that he is innocent and that defendants have conspired to wrongly convict him and deprive him of various constitutional rights in connection with his criminal proceedings, collateral challenges, and the service of his sentences. Schweitzer later filed a very similar complaint against many of the same defendants in a different District Court. That court dismissed the complaint, and we dismissed his resultant appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). See Schweitzer, 354 F. App'x at 602.

Meanwhile, the defendants filed motions to dismiss Schweitzer's complaint in the present action as well. The District Court granted those motions in a series of rulings. By order entered March 29, 2011, it dismissed the complaint as to two law firms and one lawyer. By order entered March 30, 2011, it dismissed the complaint as to another law firm and lawyer. By order entered April 13, 2011, it dismissed the complaint as to the state defendants. Finally, by order entered September 22, 2011, it dismissed the complaint as to the federal defendants.

Schweitzer appeals. He mentions only the District Court's September 22 order in his notice of appeal, but even if we liberally construed it to include the District Court's prior orders our ruling would be the same. Because we have granted Schweitzer leave to proceed in forma pauperis, we must screen this appeal to determine whether it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Schweitzer's appeal lacks any such basis. The District Court thoroughly explained

3

its reasons for dismissing the complaint against each defendant, and those reasons included collateral estoppel on the basis of our previous rulings, statutes of limitations, prosecutorial and judicial immunity, the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), and failure to state a claim on numerous other grounds. The District Court also properly explained why leave to amend would be futile. We have carefully reviewed Schweitzer's complaint and the District Court's opinions. We discern no arguable basis to question the District Court's rulings, for the reasons the District Court already has thoroughly and adequately explained. Schweitzer's submission in support of his appeal, the first sentence of which urges us to "[f]orget the criminal judgments," states no such basis. For these reasons, we will dismiss this appeal.