NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2088
_____

UNITED STATES OF AMERICA

v.

SYLVESTER ANDREWS,
a/k/a Kazime

SYLVESTER ANDREWS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-92-cr-00671-008)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2012

Before:  FISHER and GREENAWAY, JR., *Circuit Judges*, and JONES,[*] *District Judge*.

(Filed: February 29, 2012)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable John E. Jones, III, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Sylvester Andrews appeals the denial of his Rule 60(b) motion for relief from an order dismissing as untimely a petition for habeas relief pursuant to 28 U.S.C. § 2255. For the reasons discussed below, we will reverse the District Court and remand the matter for further proceedings.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On January 28, 1992, Philadelphia warrant officers went to 2350 Orkney Street to serve a bench warrant on Renaldo Saez. Upon their arrival, two men ran and jumped from the second floor window; one of the men was Sylvester Andrews, who fled. In the house, law enforcement found a substantial quantity of crack cocaine packaged for sale, a sawed-off shotgun, and an explosive device taped to the back of a washing machine.

On June 24, 1993, a jury found Andrews guilty of various federal drug and weapons offenses arising out of his participation with a drug-trafficking organization known as the "New Zulu Nation." Andrews was sentenced to life on the drug offenses, plus a combined 40-year mandatory term of imprisonment based on two violations of 18 U.S.C. § 924(c) (Counts 18 and 20). Relevant for this appeal, Andrews received a 30-year term of imprisonment on Count 20 for use of a destructive device during and in

2

relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), based on the explosive device taped to the washing machine. In 1995, we affirmed the conviction and sentence.

On October 16, 1996, Andrews moved for an extension of time to file a petition for habeas relief with the District Court, which never ruled on the motion. On July 30, 2001, nearly six years later, Andrews filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The District Court denied the petition as time-barred based on the one-year statute of limitations. 28 U.S.C. § 2255(f). This Court then denied Andrews's request for a Certificate of Appealability ("COA").

On November 3, 2008, Andrews moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in response to the Sentencing Commission's reduction of the base offense levels for possession of crack cocaine. The District Court reduced Andrews's life sentence on the drug charges to a term of 360 months, but did not modify the 40-year term for Counts 18 and 20.

On March 29, 2009, pursuant to 28 U.S.C. § 2255(h) and Rule 9, Andrews petitioned this Court for an order authorizing the District Court to consider a second or successive habeas petition. Andrews argued that, in light of the decision of *Bailey v. United States*, 516 U.S. 137, 143 (1995), which held that "use" of a firearm under § 924(c) requires active employment of the weapon, he was innocent of the § 924(c)

3

conviction in Count 20.  Several of his co-defendants had already obtained relief from their convictions on Count 20 on identical grounds.  We denied his request.

On November 30, 2009, Andrews filed a motion under Federal Rule of Civil Procedure 60(b)(6) seeking relief from the District Court's dismissal of his 2001 habeas petition.  Treating the filing as a second or successive habeas petition rather than as a 60(b) motion, the District Court concluded that it lacked jurisdiction and dismissed without prejudice.  A subsequent motion for reconsideration was also denied.

Andrews filed a timely notice of appeal.  We granted a Certificate of Appealability to resolve the following issue:

> "Whether appellant's Rule 60(b)(6) motion constituted a challenge to his conviction for use of a firearm during and in relation to a drug trafficking crime, or instead only challenged the District Court's failure to reach the merits of his challenge to the conviction on his first motion filed under 28 U.S.C. § 2255?"

## II.

The District Court had jurisdiction over Andrews's petition for habeas relief and Rule 60(b) motion under 28 U.S.C. §§ 1331 and 2255.  We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255(d).

We review the District Court's denial of a Rule 60(b) motion for abuse of discretion.  *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004).  However, "the legal status of the 60(b) motion is an issue of law that we review de novo."  *Id.*

4

III.

We agree with the parties that the District Court erred in treating Andrews's 60(b) motion as a second or successive claim for habeas relief under 28 U.S.C. § 2255. Although a 60(b) motion constitutes a second or successive petition "if it attacks the federal court's previous resolution of a claim *on the merits*," that is not the case "when a Rule 60(b) motion attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis added); *see also Pridgen*, 380 F.3d at 727 ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."). Critically, a 60(b) motion that challenges a district court's failure to reach the merits of a petition based on the statute of limitations does *not* constitute a second or successive habeas petition. *Gonzalez*, 545 U.S. at 535-36; *see also Pridgen*, 380 F.3d at 727-28 (allowing 60(b) motion that "attack[ed] the habeas proceeding, rather than [the] underlying state conviction").

In seeking equitable tolling of the one-year limitations period under § 2255, Andrews's 60(b) motion unambiguously challenged the District Court's failure to reach the merits of his habeas petition on timeliness grounds, and not the resolution of the claim

5

on the merits.[1]  Nevertheless, the District Court stated that "Rule 60(b) relief is not available," but gave no hint of why it found Andrews's motion to be other than a challenge to the application of the one-year statute of limitations.  Nor is the reason for such treatment readily apparent:  the District Court never reached the merits of Andrews's first petition for habeas relief, making it impossible for Andrews to attack the resolution of his habeas claim on the merits.  *See Gonzalez*, 545 U.S. at 532.  Moreover, Andrews clearly indicated in his motion that he sought equitable tolling of § 2255's statute of limitations.  We therefore conclude that the District Court erred in treating the 60(b) motion as a second or successive habeas petition.[2]

The parties have also briefed – but offer starkly different arguments – why the 60(b) motion should be granted and the legal basis for relief from the § 2255(f) filing period.  However, we will not resolve this question because our determination that Andrews filed a proper 60(b) motion fully responds to the COA issued for this appeal.  *See* 28 U.S.C. § 2253(c)(1)(B); *Miller v. Dragovich*, 311 F.3d 574, 577 (3d Cir. 2002).  Rather, we will remand to the District Court to consider whether Andrews's innocence on

---

[1] We recognize that a Rule 60(b) motion such as this one, which requests that the statute of limitations for a prior petition be equitably tolled for "actual innocence," may require an indirect assessment of the merits of the petitioner's underlying arguments.  However, *Gonzalez*, 545 U.S. at 532-36, and *Pridgen*, 380 F.3d at 727-28, do not indicate that we should treat such a motion as the equivalent of an attack on the merits.

[2] The District Court did not address whether the 60(b) motion was "made within a reasonable time," Fed. R. Civ. P. 60(c)(1), but the Government has expressly chosen to waive this defense on appeal in order to permit Andrews to pursue the requested relief.

Count 20 under *Bailey* constitutes "extraordinary circumstances" permitting Rule 60(b)(6) relief. *See Gonzalez*, 545 U.S. at 536-38. The District Court should also consider whether the Government is correct that it may retroactively waive its timeliness defense to Andrews's *Bailey* claim on Count 20, *cf. United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005) (holding that District Court may *sua sponte* consider AEDPA limitations issue); *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (holding that timeliness of habeas petition is non-jurisdictional and subject to waiver by government), or alternatively, whether Andrews is correct that the statute of limitations should have been equitably tolled based on his motion for extension of time, *see Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011), or based on his "actual innocence" of the Count 20 conviction under *Bailey*, a question which has not yet been decided by this Court. *See McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 84 n.5 (3d Cir. 2007). *Compare*, *e.g.*, *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) ("[D]efendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming . . . ."), *with Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) ("[E]quitable tolling of [AEDPA's] one-year limitations period based on a credible showing of actual innocence is appropriate.").

IV.

For the reasons set forth above, we will reverse the District Court's denial of Andrews's Rule 60(b) motion and remand the matter for further proceedings consistent with this opinion.