

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2005

# Queen v. Romine

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Queen v. Romine" (2005). *2005 Decisions.* Paper 161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-50                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4564
_____

NICHOLAS J. QUEEN,
Appellant

v.

DONALD ROMINE, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 98-cv-02074)
District Judge: Honorable Richard P. Conaboy

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 17, 2005

Before: SLOVITER, McKEE and FISHER, Circuit Judges

(Filed: December 5, 2005)
_____

OPINION
_____

PER CURIAM

　　Nicholas J. Queen is a federal inmate serving a sentence of 562 months imposed in

1994. He is currently in custody at the United States Penitentiary in Lewisburg,

Pennsylvania. In December 1998, Queen challenged the execution of his sentence by

filing a habeas corpus petition under 28 U.S.C. § 2241. By order of January 21, 2000, the District Court denied Queen's habeas petition. Since then, Queen has repeatedly sought relief from both this Court and the District Court, but to no avail. In our opinion affirming the District Court's dismissal of a successive habeas petition, we recounted the history of Queen's attempts at obtaining relief. See Queen v. Dodrill, No. 04-1212 (3d Cir. Sept. 8, 2004). We need not repeat that history here except as it relates to the current appeal involving the District Court's order granting Queen's motion to withdraw a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

In May 2005, Queen filed his Rule 60(b) motion for relief from judgment, alleging that the January 21, 2000 denial of habeas relief was procured by fraud. On September 20, 2005, before the District Court ruled on his Rule 60(b) motion, Queen moved to withdraw it. In his motion to withdraw, Queen attempted to condition the withdrawal of his motion on the District Court ruling that the Bureau of Prisons violated his rights under the Fifth Amendment. Without explanation, the District Court granted Queen's motion to withdraw and terminated proceedings. Queen appeals.

Generally, a party may not appeal from an order granting the relief he sought. See Watson v. City of Newark, 746 F.2d 1008, 1010 (3d Cir. 1984). Rather, a party has standing to appeal only if he is aggrieved by the judgment. Id. Accordingly, to the extent Queen's appeal challenges the order granting the relief he requested, i.e., leave to withdraw his Rule 60(b) motion, he lacks standing.

As described previously, Queen attempted to condition his motion to withdraw on the District Court concluding that his Fifth Amendment rights had been violated. To the extent the District Court's unexplained order represents a summary dismissal of Queen's Fifth Amendment claim, we agree with this disposition. We have previously informed Queen of the restrictions on filing a second or successive habeas petition. See Queen v. Dodrill, No. 04-1212. He may not bypass these restrictions or any other procedural requirements by presenting a habeas claim as a condition to withdrawing his Rule 60(b) motion.

In sum, we conclude that Queen's appeal presents us with no substantial question. Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order. See Third Circuit L.A.R. 27.4, I.O.P. 10.6.