GLD-002                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3346
_____

NICHOLAS J. QUEEN,
                                    Appellant

v.

DONALD ROMINE, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-98-cv-02074)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012

Before: FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed:  November 16, 2012)
_____

OPINION
_____

PER CURIAM

        Nicholas J. Queen, a federal prisoner, appeals the District Court's denial of his

motion for relief brought pursuant to Fed. R. Civ. P. 60(b)(6).  We will summarily affirm.

See Third Circuit LAR 27.4 and I.O.P. 10.6.

In 1994, Queen was sentenced to 562 months' incarceration for his involvement in a series of bank robberies and related offenses. In 1998, Queen challenged the execution of his sentence by filing a habeas corpus petition under 28 U.S.C. § 2241. In 2000, the District Court denied his petition. Since then, Queen has repeatedly sought relief from this Court and the District Court to no avail. As we write for the benefit of the parties alone, we need not repeat that history here. See Queen v. Dodrill, C.A. No. 04-1212, slip. op. at 2-5 (3d Cir. Sept. 8, 2004); Queen v. Romine, C.A. No. 05-4564, slip. op. at 2 (3d Cir. Nov. 17, 2005). Most recently, Queen filed a Rule 60(b) motion on January 30, 2012, alleging that federal prison officials have failed to properly credit the time served toward his federal sentence and, therefore, have violated the Privacy Act. The District Court denied his motion by order entered August 1, 2012. Queen timely appealed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Generally, we review a district court's denial of a Rule 60(b) motion for an abuse of discretion, but we review de novo whether Queen's motion is more appropriately considered a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004).

To the extent Queen reasserts his claim that his federal sentence has not been properly credited or recorded, we reiterate that Queen has been given full credit toward his federal sentence. Queen v. Romine, C.A. No. 02-2872, slip. op. at 2 (3d Cir. Dec. 6,

---

[1] On August 24, 2012, this Court advised the parties that this matter would be considered for possible summary action and granted the parties twenty-one days to submit written argument. Queen timely responded, requesting a full review of his case.

2

2002). No relief is due.[2] Moreover, though Queen brings his motion for relief under Rule 60(b), as he has presented this claim numerous times before, it is more appropriately considered an unauthorized second or successive motion brought under 28 U.S.C. § 2255. Gonzalez v. Crosby, 545 U.S. 524, 526 (2005); Pridgen, 380 F.3d at 727. Therefore, the District Court properly denied Queen's Rule 60(b) motion.

Queen also appears to claim that records pertaining to his federal custody have not been properly maintained, in violation of the Privacy Act, 5 U.S.C. §§ 552a(e)(5) (requiring agencies to maintain accurate records), (g)(1)(C) (authorizing civil action against agency for failure to properly maintain records). Queen offers no evidentiary support for this claim. Further, Queen's reliance on Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), is misplaced. In Sellers, the circuit court examined the circumstances under which the courts will recognize a civil action resulting in an award of money damages. Id. at 312. It is not relevant in the context of a habeas petition.

For the foregoing reasons, we will summarily affirm the judgment of the District Court

---

[2] Queen makes an oblique reference to Lono v. Fenton, 581 F.2d 645 (7th Cir. 1978). Lono interpreted 18 U.S.C. § 5003 to condition transfer of a state prisoner to a federal prison upon a showing that the federal system would provide specialized treatment unavailable in the state system. It is no longer good law in the Seventh Circuit and was never found persuasive by this Court. Howe v. Smith, 452 U.S. 473, 480 (1981) ("[N]othing in [§ 5003(a)] can be fairly read as requiring that some kind of 'treatment' must be furnished to every state prisoner transferred to a federal facility."); Beshaw v. Fenton, 635 F.2d 239, 243 (3d Cir. 1980) (rejecting Lono).

3