DLD-215                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1128
_____

NICHOLAS QUEEN,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-98-cv-02074)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before: CHAGARES, GREENAWAY, JR., and GARTH, Circuit Judges

(Opinion filed: May 17, 2 016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Nicholas Queen, a federal prisoner, appeals the District Court's denial of his motion for relief brought pursuant to Fed. R. Civ. P. 60(b). For the reasons below, we will summarily affirm. See Third Circuit LAR 27.4 and I.O.P. 10.6.

In 1994, Queen was sentenced to 562 months in prison by the United States District Court for the District of Maryland for his involvement in a series of bank robberies and related offenses. In 1998, while incarcerated within the Middle District of Pennsylvania, Queen filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. In January 2000, the United States District Court for the Middle District of Pennsylvania denied his petition, and we affirmed that denial. See Queen v. Warden, C.A. No. 00-2786, 276 F.3d 579 (3d Cir. Oct. 05, 2001) (Table). Since then, Queen has repeatedly and unsuccessfully sought relief from the District Court's judgment. As we write for the benefit of the parties alone, we need not repeat that history here. See Queen v. Romine, C.A. No. 05-4564, 156 F. App'x 491 (3d Cir. Dec. 5, 2005); Queen v. Dodrill, C.A. No. 04-1212, 112 F. App'x 867 (3d Cir. Sept. 8, 2004) (Table).

On December 4, 2015, Queen filed a motion for relief from the District Court's January 2000 judgment pursuant to Fed. R. Civ. P. 60(b)(6). He argued that the District Court erred by "applying a limitation to its review of the circumstances to Petitioner's claims of unlawful incarceration." The District Court denied the motion by order entered December 14, 2015. Queen then filed a "Motion to Dismiss Pending 60(b)(6) motion and Adopt the instant 60(b)(4) Motion" which the District Court denied by order entered December 22, 2015.

Queen then filed a notice of appeal. He stated that he had received the District Court's December 14th order dismissing his "Motion to Dismiss Pending 60(b)(6) motion and Adopt the instant 60(b)(4) Motion" and was enclosing his notice of appeal. However, the District Court's December 14th order denied the Rule 60(b) motion; it was the District Court's December 22nd order which denied the "Motion to Dismiss Pending 60(b)(6) motion and Adopt the instant 60(b)(4) Motion." This ambiguity as to which order is being appealed need not detain us long because an appeal from either order is completely without merit.

We review the denial of a motion pursuant to Rule 60(b) for an abuse of discretion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Rule 60(b)(6) permits a litigant to move for relief from a judgment for "any other reason that justifies relief." A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Queen's repetition of his previously rejected arguments does not constitute extraordinary circumstances. The District Court did not abuse its discretion in denying Queen's Rule 60(b) motion.

Rule 60(b)(4) provides a party with relief from a judgment that is void. Our review of the District Court's denial of the Rule 60(b)(4) motion is plenary. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5 (3d Cir. 2008). Queen argued in his Rule 60(b)(4) motion that the District Court lacked jurisdiction to authorize the Bureau of Prisons to detain him. However, Queen is not detained pursuant to the District Court's

3

January 2000 order denying his § 2241 petition but rather pursuant to a criminal judgment from the United States District Court for the District of Maryland. Moreover, Queen himself invoked the District Court's jurisdiction when he filed his original § 2241 petition. The District Court did not err in denying Queen's Rule 60(b)(4) motion.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those previously set forth by the District Court and this Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.